IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
                             )
       v.                    ) Criminal No. 05-295
                             )
JASON CHIERA                 )

MEMORANDUM AND ORDER OF COURT

DIAMOND, D.J.

Presently before the court is a "motion to maintain state judge's ruling regarding concurrent sentences" (Document No. 63) filed by Jason Chiera ("defendant") and the government's response thereto (Document No. 65). For the following reasons, defendant's motion will be denied.

On November 29, 2006, defendant appeared before the court for sentencing pursuant to his guilty plea to a one-count indictment charging him with conspiracy to commit counterfeiting. Defendant was sentenced to a term of imprisonment of 30 months, to be served consecutively to a prior undischarged term of imprisonment he then was serving in Washington County, to be followed by a term of supervised release of 3 years. On February 17, 2009, defendant was released to supervision upon completion of his term of incarceration.

On March 9, 2011, a petition on supervised release was filed by the probation office reporting that defendant had violated numerous conditions of his supervised release, including, *inter alia*, that he not commit another state, local

or federal crime. The petition indicated that defendant had been arrested and was facing state charges in Fayette County for theft by unlawful taking, theft by deception, forgery, access device fraud and conspiracy. Defendant at that time was in state custody awaiting disposition of the state charges and was being detained at the Fayette County Prison.

On April 5, 2011, defendant appeared before this court on a writ of habeas corpus ad prosequendum for a supervised release violation hearing. The court revoked defendant's supervised release and sentenced him to a term of imprisonment of 24 months with no supervised release to follow. Pursuant to the writ of habeas corpus ad prosequendum, defendant then was returned to state custody at the Fayette County Prison.

On May 4, 2011, defendant was sentenced in the Fayette County Court of Common Pleas to a term of imprisonment of 15 to 30 months on a conviction for access device fraud at Docket Number 604-2011, and, on May 25, 2011, defendant was sentenced in the Fayette County Court of Common Pleas to a term of imprisonment of 9 to 24 months on a conviction for forgery at Docket No. 122-2011. The May 25, 2011, sentencing order indicated that the sentence at Docket No. 122-2011 was to run concurrently both with the state sentence imposed on May 4, 2011, at Docket No. 604-2011 and also concurrently with this court's sentence dated April 5, 2011.

Defendant's motion asks this court to recognize the state court's May 25, 2011, order and agree that the sentence imposed

by this court on April 5, 2011, in fact is to run concurrently with defendant's state sentences. Upon review of the government's response and the applicable case law, this court concludes that it does not have the authority to grant the relief defendant requests.

Initially, as the government aptly notes, the decision of the state court to run defendant's state sentence concurrently with his federal sentence is not binding on this court. Harris v. Bureau of Prisons, 787 F. Supp. 2d 350, 355 (W.D.Pa. 2011)(J. Cercone)(determination by one sovereign as to concurrence of sentences does not bind another sovereign); Pinaud v. James, 851 F.2d 27, 30 (2d Cir. 1988)(agreement between prisoner and state to make state sentence concurrent with federal sentence does not compel federal government to grant concurrent sentence).

Moreover, this court's authority to impose concurrent sentences is established by 18 U.S.C. §3584(a), which vests power in the district courts to run prison terms concurrently if "multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment ...." (emphasis added); see also U.S.S.G. §5G1.3.

Here, however, at the time defendant was sentenced by this court for violating the terms of his supervised release, he was not "already subject to an undischarged term of imprisonment" because he still was awaiting disposition of the state charges against him, and a district court has no authority to make a

sentence either concurrent or consecutive to a state sentence that has not yet been imposed. See, e.g., Barden v. Keohane, 921 F.2d 476, 483-484 (3d Cir. 1990) (federal sentencing court powerless to order concurrency because it sentenced prior to state court); United States v. Smith, 101 F.Supp.2d 332, 346 (W.D. Pa. 2000)(J. Lee)(court had no authority to direct federal sentence to run concurrently to two anticipated, but not yet imposed, state sentences).

Nor has this court found any basis upon which it could designate defendant's federal sentence to run concurrently with his later-imposed state sentences *nunc pro tunc*. Although the United States Court of Appeals for the Third Circuit has not expressly prohibited making a previously imposed sentence concurrent retroactively, it has indicated that it would not view such a practice favorably. See, e.g., United States v. Williams, 158 F.3d 736, 740 (3d Cir. 1998)(questioning district court's jurisdiction to amend judgment of conviction *nunc pro tunc* to make previously imposed federal sentence run concurrently to undischarged portion of state sentence).

Although this court does not have the authority to order the requested relief, such a result nevertheless could be effectuated by the Bureau of Prisons. Pursuant to 18 U.S.C. §3621(b), the Bureau of Prisons is vested with the discretion to designate as the place of a prisoner's imprisonment "any available penal or correctional facility ... whether maintained by the Federal Government or otherwise."

It long has been recognized in this circuit that the Bureau of Prisons has the discretion to order concurrency where a federal sentence was imposed before a state sentence and the state judge clearly intended the sentences to be served concurrently. Barden, 921 F.2d at 483. Such a result may be accomplished through the exercise of the Bureau of Prisons' discretion under §3621(b) to designate a state institution as the official facility for service of a federal sentence, and this designation may be implemented *nunc pro tunc*. Id. at 482; Perez-Rodriguez v. Holt, 439 Fed. Appx. 127, 129-30 (3d. Cir. 2011); Smith, 101 F.Supp.2d at 338.

Although defendant is entitled to have the Bureau of Prisons examine his request, the determination of whether to grant that request is within the discretion of the Bureau of Prisons, and may be reviewed only for an abuse of discretion through a petition pursuant to 28 U.S.C. §2241. Barden, 921 F.2d at 483.

Accordingly, for the foregoing reasons, this court concludes that it has no authority to grant the relief requested in defendant's motion. Rather, defendant's recourse lies with the Bureau of Prisons.

An appropriate order will follow.

                                                /s/ Gustave Diamond
                                                Gustave Diamond
                                                United States District Judge

Dated: June 15, 2012

O R D E R

AND NOW, this 18th day of June, 2012, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion to maintain state judge's ruling regarding concurrent sentences (Document No. 63) be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Robert S. Cessar
 Assistant U.S. Attorney

 Jason Chiera